Case 1:19-cv-01137-JEJ   Document 10-1   Filed 07/08/19   Page 1 of 4

2019-23790 / Court: 011

Marilyn Burgess - District Clerk
Harris County
Envelope No: 32466878
By: LAWSON, CHANDRA K
Filed: 4/3/2019 10:29:47 AM

CAUSE NO. _____

| | | |
|---|---|---|
| MERIDIAN HOSPITAL SYSTEMS CORPORATION | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | HARRIS COUNTY, TEXAS |
| VS. | § § § | |
| POST ACUTE MEDICAL, LLC, PAM PHYSICIAN ENTERPRISE, CLEAR LAKE INSTITUTE FOR REHABILITATION, LLC KEY MANAGEMENT GROUP, LLC | § § § § § § | _____ JUDICIAL DISTRICT |
| Defendants. | § | JURY TRIAL DEMANDED |

## ORDER GRANTING PLAINTIFF'S ORIGINAL PEITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

ON THIS 3 day of April, 2019, at 1:30 a.m./p.m., this Court considered Plaintiff's Petition and Application for Temporary Restraining Order and that, unless Defendants and their agents, representatives and those acting in concert with them, are immediately and continually restrained and enjoined that Plaintiff will suffer immediate and irreparable harm, for which it has no adequate remedy at law—specifically Defendants may continue research and development based on the Plaintiff's trade secrets, further dissemination of trade secrets, dilution of Plaintiff's value and records may be destroyed.

~~This order is necessary because the Defendants have not formally responded to the notice, and there is not enough time to hold a hearing before the irreparable injury, loss or damage occurs, including the named above.~~

Plaintiffs' application for a temporary restraining order is authorized by TEX. CIV. PRAC. & REM. CODE § 65.011(1), (5). An injunction is required to preserve the subject matter of the suit. The Court finds:

a. A confidential relationship existed by contract and the disclosure of trade secrets.

b. Meridian determined that PAM violated the user agreement and disclosed confidential information to a non-authorized user.

c. PAM continues to use the trade secret and disclose it to a competitor evidenced by simultaneous login in India and Pennsylvania – namely KMG and its office in India.

d. Harm is imminent and probable as the Chief Executive Officer stated that he will continue to build the software on their own.

e. Meridian suffers and will continue to suffer irreparable harm if PAM retains access to the software and discloses it in contradiction to the Services Agreement and User Agreement to competing software developers.

**THEREFORE, THE COURT ORDERS**:

~~This Court shall restrain these Defendants without notice because of their intentional, unauthorized and repeated disclosure of trade secrets in violation of the Services and Business Associate Agreement and User Authorization to Plaintiff's competitor.~~

A. ~~B.~~ This Court shall hereby restrain Defendants from accessing, using, utilizing, ~~copying, studying, sharing, screen-sharing~~ and generating reports [*any and all*] *for* Meridian Software (in any form whether captured by screenshot, document, whether electronic or otherwise, for any and all purposes, including to study, *any purpose* copy, duplicate, or replicate in order to prevent further sharing of the protected ~~for other~~ trade secrets or confidential information. *than patient related reports generated in the ordinary*

B. ~~C.~~ This Court orders Defendant to disclose the name, entity and contact *course of* information for any and all persons that accessed *after 10/31/18*, studied, improperly viewed *business* any and all Meridian software in order to prevent further irreparable harm by *under the* the wrongful disclosure **within 5 days.** *agreement.*

~~This Court orders Defendant PAM to continue to pay as a reasonable monthly royalty rate in the amount of $59,300, beginning May 1, 2019 if this TRO is not dissolved, or in the alternative as an ongoing development cost based on the market value for the use of the software pending a full determination on the merits, until the temporary injunction is resolved for the misappropriation, theft~~

~~and sharing of the trade secret with Meridian's competitor, and potentially other improper users.~~

C. ~~This~~ The Court ~~shall~~ orders PAM to disclose and produce **within 5 days** any and all nondisclosure agreements executed ~~that relate to Meridian software~~ (to 1/1/18) ~~with~~ those individuals/entities, the identity of any individ. entity ~~and~~ given access to meridian software and

D. This Court shall order Defendants not to alter, destroy, or change any developments made to copy, research, analyze or otherwise try to reverse engineer the software.

Plaintiff's trade secrets are being threatened and are actively being disclosed to third parties who have not signed a User Agreement, and are in direct competition with Plaintiff. Defendants are not using the software for proper means, i.e. patient care, but to develop its own software directly or through third parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants will appear before the 11 District Court on April 15, 2019, at 1:30 ~~a.m.~~/(p.m.) in the 11 District Court, Harris County, Texas, and then and there show cause, if any there be, why a Temporary Injunction should not be issued as prayed for by Plaintiffs.

This ORDER is effective immediately when pronounced in open court.

Bond was set and posted at $1,000.

Signed at 2:20 o'clock ~~a.m.~~/(p.m.) this 3 day of April, 2019. This Temporary Restraining Order shall remain in effect ~~until~~ through April 17, 2019, ~~at ___ a.m./p.m.~~

Daryl L. Moore
PRESIDING JUDGE

This order applies to all defendants, their officers, agents, servants, employees, and ~~attorneys~~, and to those persons & in active concert or participation with them who receive actual notice of the order by personal service or otherwise, per Tex. R. Civ. P. 683.

APPROVED AND ENTRY REQUESTED:

By: /s/ Anthony G. Buzbee
Anthony G. Buzbee
State Bar No. 24001820
tbuzbee@txattorneys.com

3

Caroline E. Adams
State Bar No. 24011198
cadams@txattorneys.com
Tel: (713) 223-5393
Fax: (713) 223-5909
www.txattorneys.com

**ATTORNEYS FOR PLAINTIFF**